UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRENDA JONES, et al.,                    :
    Plaintiffs,                          :
                                         :
v.                                       :                    3:12-cv-01297-WWE
                                         :
GOODRICH CORPORATION, et al.,            :
    Defendants.                          :

## MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE

Plaintiffs have moved to exclude the expert testimony of James Dana and Robert Neibanck for failure to provide written reports pursuant to Rule 26. In the alternative, plaintiffs request that defendant Goodrich Pump & Engine Control Systems ("GPECS") be required to produce expert reports for Dana and Neibanck prior to their depositions.

GPECS responds that Dana and Niebanck are not required to provide written reports because they were not retained or specially employed to provide expert testimony and do not regularly provide expert testimony. See Fed. R. Civ. P. 26(a)(2)(B). GPECS requests that if reports are required, it should be allowed a reasonable period to submit them, and Dana and Niebanck should be made available for deposition shortly thereafter.

GPECS contends that, in determining whether an employee is "retained or specifically employed to provide expert testimony," courts in the Second Circuit consider whether the employee was hired to provide expert testimony and whether the employee received additional compensation for his or her expert testimony. GPECS proffers that Dana and Niebanck were not so retained and did not receive additional compensation.

The report requirement in Rule 26(a)(2)(B) does not turn solely on an expert's compensation or lack thereof. Rather, the more relevant distinction is between an expert who happened to have personal involvement with the events giving rise to litigation and an expert whose only involvement consists of aiding the already-

1

initiated litigation. *See* Fed. R. Civ. P. 26 adv. comm. nn. (2010 Amends., Subdiv. (a)(2)(C)) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705."); *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 182 n.13 (2d Cir. 2004) ("Because Huang was not specially retained to provide expert testimony, and his duties as an employee of Bank of China do not regularly include giving expert testimony, Rule 26(a)(2)(B) does not apply."); *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) ("In order to give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony."); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir 2004) (requiring report where expert "had no connection to the specific events underlying this case apart from his preparation for this trial").

Caruso v. Bon Secours Charity Health System, Inc., 2017 WL 3638203, at *2 (2d Cir. Aug. 24, 2017)(summary order).

Here, Niebanck's proposed testimony, that the helicopter's design features were reasonably safe, does not have a sufficient nexus to his personal involvement with specific events underlying the case.  Accordingly, he needs to provide an expert report under Rule 26(a)(2)(B).

In contrast, Dana had prior knowledge of facts giving rise to this litigation based on his post-crash examination and testing of the specific helicopter components at issue in this case. Notably, Dana's involvement in the accident investigation was within his job responsibilities with GPECS as a product support engineer.  In this context, Dana is somewhat analogous to a treating physician.  Accordingly, to the extent that Dana's expert testimony is based on his personal involvement, he does not need to provide an expert report.  "Nevertheless, if a party discloses an expert who does not need to provide an expert report under Rule 26(a)(2)(B), the party proffering the expert must still provide a disclosure that states 'the subject matter on which the witness is expected to present evidence' and 'a summary of the facts and opinions to which

the witness is expected to testify.'"  <u>Pitterman v. General Motors LLC</u>, 2016 WL 2892537, at *2 (D. Conn. May 17, 2016)(quoting Fed. R. Civ. P. 26(a)(2)(C)).  Moreover, if GPECS decides to forgo provision of an expert report for Dana, defendants will risk the possibility that his testimony at trial will be limited in scope to matters of sufficient relation to his personal involvement as an engineer.

Defendants will have until December 22, 2017, to furnish reports for Dana and Niebanck. Depositions shall be completed by January 31, 2018, and dispositive motions shall be submitted by February 28, 2018.

Dated this 11th day of December, 2017, at Bridgeport, Connecticut.


_____/s/Warren W. Eginton_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE