UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRENDA JONES *et al.*,
    *Plaintiffs*,

v.

GOODRICH CORPORATION *et al.*,
    *Defendants*.

No. 3:12-cv-01297 (JAM)

**ORDER DENYING MOTION TO SEAL**

    This case is a products liability action arising from the crash of a military helicopter. It is now on remand from the Second Circuit for purposes of additional summary judgment briefing. *See Jones v. Goodrich Pump & Engine Control Sys., Inc.*, 86 F.4th 1010 (2d Cir. 2023).

    The defendants Goodrich Pump & Engine Control Systems, Inc. and Rolls-Royce Corporation have filed a consent motion to seal their anticipated motions for summary judgment and related filings.[1] I will deny their motion because the defendants have not established grounds for blanket sealing of all their summary judgment filings.

    The public has a presumptive right of access to judicial documents under both the First Amendment and the common law. *See In re Demetriades*, 58 F.4th 37, 45-46 (2d Cir. 2023).[2] Under the First Amendment, a judicial document may be sealed only if a court finds that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). In addition, "'[j]udicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution.'" *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)).

---

[1] Doc. #587.
[2] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

There is no "summary judgment" exception to these rights of public access to court filings. To the contrary, "motions for summary judgment are ordinarily judicial documents." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 85 (2d Cir. 2023). Moreover, the Second Circuit has "stated definitively that 'documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'" *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Thus, "[i]n most cases, a judge must carefully and skeptically review sealing requests to [e]nsure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). And "a court must make that determination on the basis of a careful review of the particular portions of each document a party wishes to file under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection." *Dichello Distributors, Inc. v. Anheuser-Busch, LLC*, 2024 WL 341041, at *1 (D. Conn. 2024).

This Court's local rules state that "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document," and that "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." D. Conn. L. Civ. R. 5(e)(3). The rule thus presupposes that counsel will file a motion to seal that explains with particularity not only why there are clear and compelling reasons for sealing but also how the proposed sealing is narrowly tailored to serve those reasons.

In light of this legal framework, it is readily apparent that I cannot grant the defendants' motion to seal. First, the defendants make no showing of any clear and compelling reasons to

seal their filings. They say that sealing is warranted because the anticipated summary judgment filings will "discuss information designated as 'Confidential' pursuant to Section 4 of the Confidentiality Order."[3] But "[a]s this Court's local rules make clear, the fact that the parties have stipulated or chosen to designate a document as confidential is not itself sufficient to warrant sealing." *Vanguard Dealer Services, LLC v. Bottom Line Driven, LLC*, 2024 WL 98420, at *10 (D. Conn. 2024); *see also* D. Conn. L. Civ. R. 5(e)(3) ("No document shall be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule.").

What the law requires is an independent substantive showing to satisfy a court that there is a clear and compelling reason for sealing. A court cannot rely simply on the fact that one or more of the parties has previously designated certain information as confidential when disclosing it to the opposing party during discovery. Indeed, the protective order that the Court has entered in this case for purposes of discovery production makes clear that it creates "no entitlement to file confidential information under seal," because "Local Civil Rule 5(e) sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal."[4]

Second, the defendants' motion for sealing of documents in their entirety does not—without more explanation—satisfy the narrow tailoring requirement. The narrow tailoring requirement is why parties do not ordinarily seek blanket sealing of their filings as the defendants have done here. A summary judgment brief, for example, may contain references to certain facts that warrant sealing but much of the brief may be devoted to legal argument and the

---

[3] *Id.* at 2.
[4] Doc. #68 at 2; Doc. #73 (adopting the stipulation set forth in Doc. #68).

discussion of other facts for which there are no tenable grounds to justify concealment from public disclosure. That is why the preferred course for most motions to seal is for counsel to file unredacted filings under seal along with proposed redacted versions to be filed on the public record and accompanied by memoranda that justify with particularity the proposed redactions. *See* D. Conn. L. Civ. R. 5(e)(4)(a) (stating that "[c]ounsel may e-file (1) a motion to seal, which may be e-filed as a public motion or a sealed motion, (2) a redacted version of each document sought to be sealed, which shall be e-filed as a public document, (3) unredacted copies of each document sought to be sealed, which shall be e-filed as sealed motions or sealed documents, and (4) any memorandum or other documents supporting the assertion that grounds exist for sealing the documents sought to be sealed, which may be e-filed as public or sealed documents"). Only if all of a document reflects information that warrants sealing should there be reason to seek sealing of the document in its entirety.

Accordingly, I will deny the defendants' blanket motion to seal without prejudice to their filing of motions to seal in accordance with the requirements set forth above. To be sure, I understand that several years ago the judge who was previously assigned to this case granted prior motions for blanket sealing of summary judgment filings. At this point, however, my role is to apply governing law notwithstanding prior practice in this litigation.

All that said, this case involves complicated questions of fact and law, and I recognize it may be difficult for the parties to complete substantive briefing within the filing deadlines while at the same time conducting a parallel review of the documents for material that should be redacted and preparing memoranda to justify these redactions. Therefore, I grant leave for the parties to file under seal an unredacted version of their summary judgment filings on the date that these filings are due and then to file within seven (7) days on the public docket a proposed

redacted version of their filings along with a sealed or unsealed motion to seal and memorandum that explains with particularity why there are clear and compelling reasons to warrant sealing and how the proposed sealing is narrowly tailored to serve those reasons.

Lastly, I understand that the parties may be in a difficult position with respect to deciding what information—if any—should be redacted from their summary judgment filings when the basis for such redactions may be information that the opposing party or a co-party believes should be sealed (*e.g.*, commercially sensitive information of the defendants that may be disclosed in one of the plaintiffs' summary judgment documents). This is yet another reason to allow an additional seven days for the parties to file their motions to seal as described above. Each party should promptly review the other parties' filings and consult with them with respect to what information they believe should be redacted in any public filing. If the parties are unable to agree on a basis for or the scope of redaction, then the opposing or co-party should be prepared to timely file within the seven-day time period a motion to seal portions of another party's submissions if there is a basis to do so.

## CONCLUSION

The Court DENIES the defendants' blanket motion to seal. This order is without prejudice to the filing of motions to seal that are in accordance with the guidelines set forth above and otherwise consistent with the requirements of the Court's local rules.

It is so ordered.

Dated at New Haven this 3rd day of May 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge